PETER MACARTNEY *vs.* CYRIL S. COLWELL.

FEBRUARY 5, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *License to Use Premises of Defendant.    Contributory Negligence.*

Where plaintiff alleged that he was authorized by servant of defendant to go to a closet, and it appeared that he proceeded along a passageway with which he was unfamiliar, in the dark, and was injured, the closet not being for public use, the defendant having no right to permit its use, or knowing that it was used by his patrons, the invitation of the servant was not within the scope of his employment; the plaintiff was not even a licensee of defendant, and the defendant was not responsible; but in any event, under the facts stated, plaintiff was guilty of contributory negligence.

TRESPASS ON THE CASE for negligence.    Heard on exceptions of defendant, and sustained.

PER CURIAM.    The plaintiff has recovered a verdict for injuries sustained while passing from the restaurant of the defendant, in the night-time, to a water-closet in the rear of the premises, averring that the passageway was so insufficiently lighted that he stepped off a raised platform, or landing, and the defendant has brought the case here upon exceptions taken at the trial, and in which he denies all liability of the defendant therefor.

(1)   It is in evidence that, although the use of the closet was occasionally permitted by the defendant's servant to patrons of the restaurant, yet that it was so located as to be reached only by passing through the kitchen connected with the restaurant and was "used by the offices upstairs, and used by

us, by the help," the testimony of the defendant's servant Laney being uncontradicted—that it was not a public convenience.

It is undisputed that the plaintiff was proceeding along the passageway in question, and which contained no defect, in the dark, at about midnight, and that he was wholly unfamiliar with the premises. In *Carbury* v. *Eastern Nut & Bolt Co.*, 27 R. I. 116, 117, it was held by this court that the conduct even of an employee in proceeding in the dark on premises of his employer, with which he was familiar, "without   .   .   . calling for light, was reckless in the extreme and precludes his recovery," against the employer.

In the case at bar no duty is shown to have existed on the part of the defendant towards the plaintiff. The plaintiff claims, indeed, that in response to his request he was authorized and directed by Laney to go to the closet in question, and hence was acting upon the defendant's invitation. The evidence shows that the closet was not for public use, nor under the defendant's exclusive control; neither does it show that he had the right to permit its use by the patrons of the restaurant or that the defendant ever authorized such use or knew that it was even occasionally used by the patrons of the restaurant. It follows that the invitation and authorization of Laney was not within the scope of his employment, that the plaintiff was not even a licensee of the defendant, and that the defendant Colwell is not responsible for the injuries sustained by the plaintiff.

The defendant's fifth request to charge was as follows:

"If the jury find that the plaintiff attempted to go to the water-closet, and the steps and platform leading to the same were not lighted, and the premises were unknown to him, and no inducement, enticement or allurement was held out to him by the defendant, and he was injured, he would be guilty of contributory negligence, and could not recover from the defendant."

To the refusal to grant this request the defendant duly excepted, and his exception must be sustained.

There is here such a failure to show a breach of any duty by

the defendant as precludes the plaintiff's right to recover against him, and the case must be remitted to the Superior Court, with direction to enter judgment for the defendant.

*George F. Troy,* for plaintiff.

*Frank L. Hanley,* for defendant.